**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| **STEVEN SANDERS and PATRICIA SANDERS, on behalf of themselves and all others similarly situated,** | **CIVIL ACTION NO. _____** |
| **PLAINTIFFS** | |
| **v.** | **JURY TRIAL DEMANDED** |
| **WAWA, INC.,** | |
| **DEFENDANT** | |

**CLASS ACTION COMPLAINT AND JURY DEMAND**

Plaintiffs Steven Sanders and Patricia Sanders (collectively, "Plaintiffs"), individually and on behalf of all similarly situated Delaware persons and entities (collectively, the "Class" or "Class Members"), upon personal knowledge of the facts pertaining to themselves and on information and belief as to all other matters, complain of the wrongful actions of Defendant Wawa, Inc. ("Wawa"), and respectfully allege the following:

**NATURE OF THE CASE**

1.      This is a data breach case.  On December 19, 2019, Wawa revealed that it had discovered malicious software ("malware") on Wawa payment processing servers.  According to Wawa, "[t]his malware affected customer payment card information used at potentially all Wawa locations beginning at different points in time after March 4, 2019 and until it was contained" on December 12, 2019.  Plaintiffs bring this class action on behalf of themselves and a Delaware Class against Wawa for failing to protect the personal and confidential information of millions of its customers—including credit card and debit card (also known as payment cards) numbers,

expiration dates, and cardholder names (collectively, "Payment Card Information"). Plaintiffs and Class Members have been injured and as a direct and proximate result of Wawa's wrongful disclosure of their Payment Card Information (the "Wawa Data Breach" or "Data Breach").

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005 (CAFA), 28 U.S.C. § 1332(d)(2), as this is a class action in which the amount in controversy exceeds $5,000,000, there are more than 100 proposed Class Members, and minimal diversity exists as Wawa is a citizen of a state different from that of at least one Class Member.

3.      This Court has personal jurisdiction over Wawa because at all relevant times, Wawa regularly conducted (and continues to conduct) business in this District.

4.      Venue is proper in this District, pursuant to 28 U.S.C. § 1391, because a substantial part of the wrongful conduct alleged herein occurred in, was directed to, and/or emanated from this District. Venue also is proper in this District because at all relevant times, Wawa regularly conducted (and continues to conduct) business in this District.

## PARTIES

5.      Plaintiff Steven Sanders is a citizen and resident of Newark, Delaware. Plaintiff Sanders paid for one or more purchases at a Wawa store and/or gas pump with a payment card between March 4, 2019 and December 12, 2019, and, on information and belief, his Payment Card Information was compromised in the Wawa Data Breach.

6.      Plaintiff Patricia Sanders is a citizen and resident of Newark, Delaware. Plaintiff Sanders paid for one or more purchases at a Wawa store and/or gas pump with a payment card between March 4, 2019 and December 12, 2019, and, on information and belief, her Payment Card Information was compromised in the Wawa Data Breach.

7.    Defendant Wawa, Inc. is a New Jersey corporation with its principal place of business in the Wawa area of Chester Heights, Pennsylvania in Greater Philadelphia. Defendant Wawa owns and operates over 850 convenience stores and gas stations in Delaware, Pennsylvania, New Jersey, Maryland, Virginia, Washington, D.C., and Florida.

## FACTS

8.    According to Wawa, "at different points in time after March 4, 2019, malware began running on in-store payment processing systems at potentially all Wawa locations." The malware "was present on most store systems by approximately April 22, 2019."

9.    Wawa, however, did not discover the malware for over nine months after it infected Wawa's payment processing systems, and did not disclose the Data Breach for over a week after Wawa discovered it.

10.    Although Wawa believes "this malware no longer poses a risk to customers using payment cards at Wawa," Plaintiffs and Class Members are subject to identity fraud and identity theft because of their compromised Payment Card Information wrongfully disclosed in the Wawa Data Breach.

11.    Wawa had obligations, arising from promises made to its customers like Plaintiffs and other Class Members, and based on industry standards, to keep the Payment Card Information confidential and to protect it from unauthorized disclosures. Class Members provided their Payment Card Information to Wawa with the understanding that Wawa and any business partners to whom Wawa disclosed the Payment Card Information would comply with their obligations to keep such information confidential and secure from unauthorized disclosures.

12.    Wawa claims it "is fully committed to data security." It further claims to "use security techniques on" its websites, "and through or in connection with our mobile apps or other

3

software- and Internet-enabled programs and services sponsored by Wawa (the "Sites") to help protect against the loss, misuse or alteration of information collected from [its customers] at the Sites."

13.     According to Wawa, when customers "access [their] account information or transmit personally identifiable data to the Sites, that information is stored on servers that the Sites have attempted to secure from unauthorized access or intrusion. 'Secure Socket Layer' software encrypts personal information [its customers] transmit to the Sites."

14.     However, Secure Socket Layer encryption protects information only during its transmission, but not when stored on Wawa's payment processing systems.

15.     The Wawa Data Breach demonstrates that Wawa failed to honor its duties, representations, and obligations to protect Plaintiffs' and Class Members' Payment Card Information by, *inter alia*, failing to maintain an adequate data security system to protect against (and reduce the risk of) data breaches and cyberattacks, failing to adequately monitor its payment card processing systems to identify data breaches and cyberattacks, and failing to adequately protect Plaintiffs' and the Class Members' Payment Card Information.

16.     Plaintiffs and Class Members have been injured and harmed by Wawa's wrongful disclosure of their Payment Card Information in the Data Breach.

17.     Wawa's data security obligations and promises were particularly important given the substantial increase in data breaches leading to identity theft and identity fraud, which are widely known to the public and to anyone in the retail grocery and convenience store industries.

18.     The United States Government Accountability Office ("GAO") noted in a June 2007 report on Data Breaches ("GAO Report") that victims of identity theft will face "substantial costs and inconveniences repairing damage to their credit records" and their "good name." *Id.* at

2,9.  Identity theft and identity fraud victims frequently are required to spend many hours and large amounts of money repairing the impact to their credit inflicted upon them by fraudsters using their purloined Payment Card Information.

19.    There also may be a time lag between the time Payment Card Information is stolen and when it is used and once it is disclosed, fraudulent use of that information may continue for years;

> [L]aw enforcement officials told us that in some cases, *stolen data may be held for up to a year or more before being used to commit identity theft*. Further, once stolen data have been sold or posted on the Web, *fraudulent use of that information may continue for years*. As a result, studies that attempt to measure the harm resulting from data breaches cannot necessarily rule out all future harm.

GAO Report at 29 (emphasis added).

20.    Payment Card Information, such as the Payment Card Information wrongfully disclosed in the Wawa Data Breach, is such a valuable commodity to identity thieves that once the information has been disclosed, criminals often trade the information on the "cyber black-market" for years—openly posting stolen Payment Card Information directly on various Internet websites and making the information publicly available. This fate could very well befall Plaintiffs' and Class Members' confidential Payment Card Information compromised in the Wawa Data Breach—and most likely already has.

21.    Had Plaintiffs known that Wawa would not adequately protect their Payment Card Information and other sensitive information entrusted to it, they would not have made regular purchases at Wawa using their credit cards.

## CLASS ALLEGATIONS

22.    Pursuant to FED. R. CIV. P. 23, Plaintiffs bring this case as a national class action

on behalf of the following Class:

> All Delaware individuals and entities whose credit and debit card numbers, expiration dates, and cardholder names were maintained on Wawa, Inc.'s payment processing servers and compromised in the Data Breach announced by Wawa, Inc. on December 19, 2019.

23.    Excluded from the Class are all Wawa officers, directors, and employees, the Court,

and Court personnel.

24.    The Class is so numerous that joinder of all members is impracticable. The Class

has hundreds of thousands members geographically dispersed over Wawa's Delaware area of

operations. The identities of the Class Members are unknown to Plaintiffs at this time, but can

easily be determined from Wawa's payment card processing system records.

25.    There are numerous questions of law and fact common to Plaintiffs and Class

Members, including, *inter alia*:

(i)    Whether Wawa's payment card processing data security protections prior to the Data Breach complied with all applicable legal requirements and/or industry standards;

(ii)    Whether Plaintiffs' and Class Members' Payment Card Information was compromised in the Wawa Data Breach;

(iii)    Whether Wawa's above-described wrongful actions violated one or more of the common laws and/or statutes set forth below;

(iv)    Whether Plaintiffs and Class Members suffered injury and/or harm as a direct and/or proximate result of the Wawa Data Breach;

(v)    Whether Plaintiffs and Class Members are entitled to actual, consequential, punitive, and/or treble damages as a direct and/or proximate result of Wawa's wrongful conduct and the resulting Data Breach; and

(vi)    Whether Plaintiffs and Class Members are entitled to attorneys' fees, litigation expenses, and court costs.

26.     Plaintiffs' claims are typical of the claims of the Class' claims. Plaintiffs suffered the same injury and harm as the other Class Members; to wit, Plaintiffs' and Class Members' Payment Card Information was compromised in the Wawa Data Breach.

27.     Plaintiffs and their counsel will fairly and adequately represent the interests of Class Members. Plaintiffs have no interests antagonistic to, or in conflict with, the interests of any Class Members. Plaintiffs' counsel are experienced in leading and prosecuting large multi-district class actions, including data breach class actions.

28.     A class action is superior to all other available methods for fairly and efficiently adjudicating Plaintiffs' and Class Members' claims.  Plaintiffs and Class Members have been (and will continue to be) harmed as a direct and proximate result of Wawa's above-described wrongful actions, inaction, and/or omissions and the resulting Data Breach and its aftermath. Litigating this case as a class action is appropriate because (i) it will avoid a multiplicity of suits and the corresponding burden on the courts and Parties, (ii) it would be virtually impossible for all Class Members to intervene as individual parties-plaintiff in this action, and (iii) it will provide court oversight of the claims process once Wawa's liability is adjudicated.

29.     Certification, therefore, is appropriate under FED. R. CIV. P. 23(b)(3) because the above-described common questions of law or fact predominate over any questions affecting individual Class Members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

30.     Certification also is appropriate under FED. R. CIV. P. 23(b)(1) because the prosecution of separate actions by individual Class Members would create a risk of establishing incompatible standards of conduct for Wawa.  For example, individual actions could be dispositive

of the interests of the other Class Members who are not parties to such actions, and substantially impair or impede their ability to protect their interests.

31.     Wawa's above-described wrongful actions, inaction, and/or omissions and the resulting Data Breach and its aftermath are applicable to the Class as a whole, for which Plaintiffs seek, *inter alia*, damages and other equitable remedies.

32.     Absent a class action, Wawa will retain the benefits of its wrongdoing despite seriously violating the law and inflicting actual and consequential injury, harm, and damages on Plaintiffs and Class Members and their property and businesses.

## CLAIMS AND CAUSES OF ACTION

### COUNT I

### NEGLIGENCE/GROSS NEGLIGENCE

33.     The preceding factual statements and allegations are incorporated by reference.

34.     Wawa required Plaintiffs and Class Members to submit non-public Payment Card Information to pay for goods and services.

35.     By collecting and storing Plaintiffs' and Class Members' Payment Card Information, and sharing it and using it for commercial gain, Wawa had a duty of care to use reasonable means to safeguard and protect the Payment Card Information to prevent its disclosure and guard against its theft.

36.     Wawa's duties and obligations included, *inter alia*, a responsibility to implement policies and procedures to safeguard and protect the Payment Card Information, detect a breach of its payment card processing systems in a reasonably expeditious period of time, and promptly notify data breach victims so that they could take swift action to further protect their finances and credit.

37.     Wawa also owed Plaintiffs and Class Members a duty to provide Payment Card Information security consistent with industry standards.

38.     Only Wawa could ensure its payment card processing systems were sufficient to protect against the injury and harm to Plaintiffs and Class Members resulting from a data breach.

39.     Wawa breached its duties and obligations to Plaintiffs and Class Members by, *inter alia*:

(i)     failing to adopt, implement, and maintain adequate security measures to safeguard and protect Plaintiffs' and Class Members' Payment Card Information;

(ii)    failing to adequately monitor the security of its payment card processing system;

(iii)   allowing unauthorized access to Plaintiffs' and Class Members' Payment Card Information; and

(iv)    failing to recognize and report in a timely manner the malware on its payment card processing system and that Plaintiffs' and Class Members' Payment Card Information had been wrongfully disclosed and compromised.

40.     It was foreseeable that Wawa's above-described wrongful actions, inaction, omissions, negligence, gross negligence, failure to timely and accurately report the Data Breach, and failure to use reasonable measures to safeguard, protect, and monitor the security of Plaintiffs' and Class Members' Payment Card Information would proximately and/or directly result in injury and harm to Plaintiffs and Class Members in the form of, *inter alia,* the ongoing, imminent, and impending threat of identity theft and identity fraud; actual identity theft and identity fraud; loss of the confidentiality of the wrongfully disclosed and compromised Payment Card Information; the illegal sale of the compromised Payment Card Information on the deep web black market; lost value of the compromised Payment Card Information; cost of monitoring, credit freezes, and/or identity theft insurance; time spent scrutinizing bank statements, credit card statements, credit reports, and repairing damaged credit; expenses and/or time spent initiating fraud alerts; decreased

credit scores and ratings; lost work time; and/or other economic and non-economic injury, harm, and damages.

41.     There is no other foreseeable group of individuals and entities that would be directly and/or proximately injured or harmed by Wawa's above-described wrongful actions, inaction, omissions, negligence, and/or gross negligence other than Plaintiffs and Class Members.

42.     Wawa's above-described wrongful actions, inaction, and omissions constitute negligence and/or gross negligence under Delaware common law.

## COUNT II

## NEGLIGENCE *PER SE*

43.     The preceding factual statements and allegations are incorporated by reference.

44.     Section 5 of the Federal Trade Commission ("FTC") Act, 15 U.S.C. § 45, prohibits "unfair . . . practices in or affecting commerce" including, as interpreted and enforced by the FTC, the unfair act or practice by companies, such as Wawa, of failing to use reasonable measures to safeguard and protect their customers' Payment Card Information. Various FTC publications and orders also form the basis of Wawa's duty.

45.     Wawa violated Section 5 of the FTC Act by failing to use reasonable measures to safeguard and protect Plaintiffs' and Class Members' Payment Card Information and failing to comply with industry data security standards (including, without limitation, the Payment Card Industry Data Security Standard ("PCI DSS")).

46.     Plaintiffs and Class Members are consumers within the class of persons Section 5 of the FTC Act is intended to protect.

47.     Wawa's above-described wrongful actions, inaction, omissions, negligence, gross negligence, failure to comply with Section 5 of the FTC Act and the PCI DSS, failure to timely

and accurately report the Data Breach, and failure to use reasonable measures to safeguard, protect, and monitor the security of Plaintiffs' and Class Members' Payment Card Information directly and/or proximately resulted in injury, harm, and damages to Plaintiffs and Class Members in the form of, *inter alia,* the ongoing, imminent, and impending threat of identity theft and identity fraud; actual identity theft and identity fraud; loss of the confidentiality of the wrongfully disclosed and compromised Payment Card Information; the illegal sale of the compromised Payment Card Information on the deep web black market; lost value of the compromised Payment Card Information; cost of monitoring, credit freezes, and/or identity theft insurance; time spent scrutinizing bank statements, credit card statements, credit reports, and repairing damaged credit; expenses and/or time spent initiating fraud alerts; decreased credit scores and ratings; lost work time; and/or other economic and non-economic injury, harm, and damages.

48.     Such, injury, harm, and damages are precisely the type of injury, harm, and damages the FTC Act is intended to guard against. Indeed, the FTC has pursued over fifty enforcement actions against entities that, as a result of their failure to employ reasonable data security measures and avoid unfair and deceptive practices and the resulting data breaches, caused the same injury, harm, and damages inflicted by Wawa on Plaintiffs and Class Members.

49.     Wawa's above-described wrongful actions, inaction, omissions, negligence, gross negligence, and failure to comply with Section 5 of the FTC Act and the PCI DSS, constitute negligence *per se* under Delaware common law.

## COUNT III

## **BREACH OF IMPLIED CONTRACT**

50.     The preceding factual statements and allegations are incorporated by reference.

51.     When Plaintiffs and Class Members provided their Payment Card Information to

Wawa in exchange for goods or services, they entered into implied contracts with Wawa pursuant to which Wawa agreed to safeguard and protect their Payment Card Information and timely and accurately notify them if their Payment Card Information is breached and compromised.

52.    Wawa solicited and invited its customers (*i.e.*, Plaintiffs and Class Members) to provide their Payment Card Information as part of its regular business practices. Plaintiffs and Class Members accepted Wawa's offers and provided their Payment Card Information to Wawa. In entering into such implied contracts, Plaintiffs and the Class understood that Wawa's data security practices, policies, and procedures were reasonable and consistent with industry standards and the law, and that Wawa would use part of the funds received from Plaintiffs and Class Members to pay for adequate data security practices, policies, and procedures.

53.    Plaintiffs and Class Members would not have entrusted their Payment Card Information to Wawa in the absence of the implied contract between them and Wawa to safeguard and protect such information.

54.    Plaintiffs and Class Members fully performed their obligations under their implied contracts with Wawa.

55.    Wawa, however, breached its implied contracts with Plaintiffs and Class Members by, *inter alia*, failing to adopt, implement, and maintain adequate security measures to safeguard and protect Plaintiffs' and Class Members' Payment Card Information; failing to adequately monitor the security of its payment card processing system; allowing unauthorized access to Plaintiffs' and Class Members' Payment Card Information; and failing to recognize and report in a timely manner the malware on its payment card processing system and that Plaintiffs' and Class Members' Payment Card Information had been wrongfully disclosed and compromised.

56.    Wawa's above-described wrongful actions, inaction, and omissions, failure to

timely and accurately report the Data Breach, and failure to use reasonable measures to safeguard, protect, and monitor the security of Plaintiffs' and Class Members' Payment Card Information directly and/or proximately resulted in injury, harm, and damages to Plaintiffs and Class Members in the form of, *inter alia,* the ongoing, imminent, and impending threat of identity theft and identity fraud; actual identity theft and identity fraud; loss of the confidentiality of the wrongfully disclosed and compromised Payment Card Information; the illegal sale of the compromised Payment Card Information on the deep web black market; lost value of the compromised Payment Card Information; cost of monitoring, credit freezes, and/or identity theft insurance; time spent scrutinizing bank statements, credit card statements, credit reports, and repairing damaged credit; expenses and/or time spent initiating fraud alerts; decreased credit scores and ratings; lost work time; and/or other economic and non-economic injury, harm, and damages.

57.     Wawa's above-described wrongful actions, inaction, and omissions constitute breaches of their implied contracts with Plaintiffs and Class Members under Delaware common law.

## COUNT IV

### VIOLATION OF THE DELAWARE COMPUTER SECURITY BREACH ACT
### (6 Del. C. §§ 12B- 102, *et seq.*)

58.     The preceding factual statements and allegations are incorporated by reference.

59.     Wawa is a "business" that owns or licenses computerized data that includes Personal Information as defined by 6 Del. C. § 12B-102(a).

60.     Plaintiffs' and Class Members' Payment Card Information includes "personal information" as defined by 6 Del. C. § 12B-101(4).

61.     Wawa is required to accurately notify consumers (including Plaintiffs and Class Members) if Wawa becomes aware of a data breach that is reasonably likely to result in the misuse

of a Delaware resident's "personal information" in the most expedient time possible and without unreasonable delay under 6 Del. C. § 12B-102(a).

62.     Because Wawa was aware of a breach of its payment card processing system involving Delaware Plaintiffs' and Class Members' Payment Card Information that is reasonably likely to result in its misuse, Wawa had an obligation to disclose the Data Breach in a timely and accurate fashion per 6 Del. C. § 12B-102(a).

63.     By failing to disclose the Data Breach in a timely and accurate manner, Wawa violated 6 Del. C. § 12B-102(a).

64.     Wawa's above-described wrongful actions, inaction, and omissions, unconscionable, unfair, and deceptive acts or practices, failure to timely and accurately report the Data Breach, and failure to use reasonable measures to safeguard, protect, and monitor the security of Plaintiffs' and Class Members' Payment Card Information, directly and/or proximately resulted in injury, harm, and damages to Plaintiffs and Class Members in the form of, *inter alia,* the ongoing, imminent, and impending threat of identity theft and identity fraud; actual identity theft and identity fraud; loss of the confidentiality of the wrongfully disclosed and compromised Payment Card Information; the illegal sale of the compromised Payment Card Information on the deep web black market; lost value of the compromised Payment Card Information; cost of monitoring, credit freezes, and/or identity theft insurance; time spent scrutinizing bank statements, credit card statements, credit reports, and repairing damaged credit; expenses and/or time spent initiating fraud alerts; decreased credit scores and ratings; lost work time; and/or other economic and non-economic injury, harm, and damages.

65.     Wawa's above-described wrongful actions, inaction, and omissions constitute breaches of the Delaware Computer Security Breach Act.

**COUNT V**

**VIOLATION OF THE DELAWARE CONSUMER FRAUD ACT**
**(6 Del. C. §§ 2513, *et seq.*)**

66.     The preceding factual statements and allegations are incorporated by reference.

67.     Wawa is a "person" that is involved in the "sale" of "merchandise," as defined by 6 Del. C. § 2511(7), (8), and (6).

68.     Wawa advertised, offered, or sold goods or services in Delaware and engaged in trade or commerce directly or indirectly affecting the people of Delaware.

69.     Wawa used and employed deception, fraud, false pretense, false promise, misrepresentation, and the concealment, suppression, and omission of material facts with intent that others rely upon such concealment, suppression and omission, in connection with the sale and advertisement of merchandise, in violation of 6 Del. C. § 2513(a) by, *inter alia*, failing to implement and maintain reasonable security and privacy measures to protect Plaintiffs' and Class Members' Payment Card Information, which was a direct and proximate cause of the Data Breach; failing to identify foreseeable security and privacy risks and remediate identified security and privacy risks, which was a direct and proximate cause of the Data Breach; failing to comply with common law and statutory duties pertaining to the security and privacy of Plaintiffs and Class Members' Payment Card Information, including duties imposed by the FTC Act, 15 U.S.C. § 45, and Delaware's data security statute, 6 Del. C. § 12B-100, which was a direct and proximate cause of the Data Breach; misrepresenting that it would protect the privacy and confidentiality of Plaintiffs and Class Members' Payment Card Information, including by implementing and maintaining reasonable security measures; misrepresenting that it would comply with common law and statutory duties pertaining to the security and privacy of Plaintiffs' and Class Members' Payment Card Information, including duties imposed by the FTC Act, 15 U.S.C. § 45, and Delaware's data

15

security statute, 6 Del. C. § 12B-100; omitting, suppressing, and concealing the material fact that it did not reasonably or adequately secure Plaintiffs' and Class Members' Payment Card Information; and omitting, suppressing, and concealing the material fact that it did not comply with common law and statutory duties pertaining to the security and privacy of Plaintiffs' and Class Members' Payment Card Information, including duties imposed by the FTC Act, 15 U.S.C. § 45, and Delaware's data security statute, 6 Del. C. § 12B-100.

70.     Wawa's representations and omissions were material because they are likely to deceive reasonable consumers (including Plaintiffs and Class Members) about the adequacy of its data security and ability to protect the confidentiality of consumers' Payment Card Information, including Plaintiffs' and Class Members' Payment Card Information.

71.     Wawa acted intentionally, knowingly, and maliciously to violate Delaware's Consumer Fraud Act, and recklessly disregarded Plaintiffs' and Class Members' rights.

72.     Plaintiffs and Class Members acted reasonably in relying on Wawa's misrepresentations and omissions, the truth of which they could not have discovered.

73.     Wawa's unlawful trade practices were gross, oppressive, and aggravated, and Wawa breached the trust of Plaintiffs and Class Members.

74.     Wawa's above-described wrongful actions, inaction, and omissions, unconscionable, unfair, and deceptive acts or practices, failure to timely and accurately report the Data Breach, and failure to use reasonable measures to safeguard, protect, and monitor the security of Plaintiffs' and Class Members' Payment Card Information directly and/or proximately resulted in injury, harm, and damages to Plaintiffs and Class Members in the form of, *inter alia,* the ongoing, imminent, and impending threat of identity theft and identity fraud; actual identity theft and identity fraud; loss of the confidentiality of the wrongfully disclosed and compromised

Payment Card Information; the illegal sale of the compromised Payment Card Information on the deep web black market; lost value of the compromised Payment Card Information; cost of monitoring, credit freezes, and/or identity theft insurance; time spent scrutinizing bank statements, credit card statements, credit reports, and repairing damaged credit; expenses and/or time spent initiating fraud alerts; decreased credit scores and ratings; lost work time; and/or other economic and non-economic injury, harm, and damages.

75.    Wawa's above-described wrongful actions, inaction, and omissions constitute breaches of the Delaware Consumer Fraud Act.

**COUNT VI**

**<u>UNJUST ENRICHMENT</u>**

76.    This claim is plead in the alternative to the above implied contract claim.

77.    Plaintiffs and Class Members conferred a monetary benefit upon Wawa in the form of monies paid for the purchase of fuel and/or food and food-related services at its locations.

78.    Wawa appreciated or had knowledge of the benefits conferred upon them by Plaintiffs and Class Members. Wawa also benefited from the receipt of Plaintiffs and Class Members' Payment Card Information, as this was utilized by Wawa to facilitate payment to it.

79.    The monies Plaintiffs and Class Members paid to Wawa were supposed to be used by Wawa, in part, to pay for adequate data privacy infrastructure, practices, and procedures.

80.    As a result of Wawa's above-described wrongful actions, inaction, and/or omissions, Plaintiffs and Class Members suffered actual  damages in an amount equal to the difference in value between their purchases made with adequate  data privacy and security practices and procedures that Plaintiffs and Class Members paid for, and  those purchases without adequate data privacy and security practices and procedures that they  received.

81.     Under principals of equity and good conscience, Wawa should not be permitted to retain the money belonging to Plaintiffs and Class Members because Wawa failed to implement (or adequately implement) the data privacy and security practices and procedures that Plaintiffs and Class Members paid for and that were otherwise mandated by federal, state, and local laws and industry standards.

82.     Wawa should be compelled to disgorge into a common fund for the benefit of Plaintiffs and Class Members all unlawful or inequitable proceeds received by it as a result of the conduct and Data Breach alleged herein.

## RELIEF REQUESTED

83.     The preceding factual statements and allegations are incorporated by reference.

84.     **ACTUAL, CONSEQUENTIAL, AND COMPENSATORY DAMAGES AND/OR RESTITUTION.** As a direct and/or proximate result of Wawa's above-described wrongful actions, inaction, omissions, and the resulting Data Breach and its aftermath, Plaintiffs and Class Members have suffered (and will continue to suffer) actual, consequential, and compensatory injury, harm, and damages in the form of, *inter alia*, the ongoing, imminent, and impending threat of identity theft and identity fraud; actual identity theft and identity fraud; loss of the confidentiality of the wrongfully disclosed and compromised Payment Card Information; the illegal sale of the compromised Payment Card Information on the deep web black market; lost value of the compromised Payment Card Information; cost of monitoring, credit freezes, and/or identity theft insurance; time spent scrutinizing bank statements, credit card statements, credit reports, and repairing damaged credit; expenses and/or time spent initiating fraud alerts; decreased credit scores and ratings; lost work time; and/or other economic and non-economic injury, harm, and damages.

All conditions precedent to Plaintiffs' and Class Members' claims for relief have been performed or occurred.

85. **PUNITIVE DAMAGES.** Wawa's above-described wrongful actions, inaction, omissions, and the resulting Data Breach and its aftermath were committed willfully, wantonly, and with reckless disregard for Plaintiffs' and Class Members' rights and interests. Accordingly, Plaintiffs and Class Members also are entitled to punitive damages from Wawa as punishment and to discourage such wrongful conduct in the future. All conditions precedent to Plaintiffs' and Class Members' claims for relief have been performed or occurred.

86. **TREBLE DAMAGES.** Wawa's above-described wrongful actions, inaction, omissions, and the resulting Data Breach and its aftermath were committed willfully, wantonly, and with reckless disregard for Plaintiffs' and Class Members' rights and interests. Accordingly, Plaintiffs and Class Members also are entitled to treble damages under the appropriate above-listed statutes. All conditions precedent to Plaintiffs' and Class Members' claims for relief have been performed or occurred.

87. **CIVIL PENALTIES.** Wawa's above-described wrongful actions, inaction, omissions, and the resulting Data Breach and its aftermath were committed willfully, wantonly, and with reckless disregard for Plaintiffs' and Class Members' rights and interests. Accordingly, Plaintiffs and Class Members also are entitled to civil penalties under the appropriate above-listed statutes. All conditions precedent to Plaintiffs' and Class Members' claims for relief have been performed or occurred.

88. **ATTORNEYS' FEES, LITIGATION EXPENSES AND COURT COSTS.** Plaintiffs and Class Members also are entitled to recover their attorneys' fees, pre- and post-judgment interest, litigation expenses, and court costs in prosecuting this action. All conditions precedent to Plaintiffs'

and Class Members' claims for attorneys' fees, litigation expenses, and court costs have been performed or occurred.

**WHERFORE,** Plaintiffs, for themselves and Class Members, respectfully request that (i) Defendant Wawa, Inc. be cited to appear and answer this lawsuit, (ii) this action be certified as a class action, (iii) Plaintiffs be designated the Class Representatives, and (iv) Plaintiffs' counsel be appointed Class Counsel. Plaintiffs, for themselves and Class Members, also request that upon final trial or hearing, judgment be awarded against Defendant Wawa, Inc. in Plaintiffs' favor for:

(i)     actual, consequential, and compensatory damages in an amount to be determined by the trier of fact;

(ii)    punitive damages;

(iii)   treble damages;

(iv)    civil penalties:

(v)     pre- and post-judgment interest at the highest legal rates;

(vi)    attorneys' fees, litigation expenses, and court costs through the trial and any appeals of this case; and

(vii)   such other and further relief the Court deems just and proper.

## <u>JURY DEMAND</u>

Plaintiffs, for themselves and all others similarly situated, respectfully demand a trial by jury on all claims so triable.

Dated: January 9, 2020                          Respectfully submitted,

Of Counsel:                                     FARNAN LLP

Natalie Finkelman Bennett                       /s/ Michael J. Farnan
James C. Shah                                   Brian E. Farnan (Bar No. 4089)
Alec J. Berin                                   Michael J. Farnan (Bar No. 5165)
**Shepherd, Finkelman, Miller & Shah, LLP**     919 N. Market Street, 12th Floor
1845 Walnut Street, Suite 806                   Wilmington DE 19801
Philadelphia, PA 19103                          Telephone: (302) 777-0300
Telephone: (610) 891-9880                       Facsimile: (302) 777-0301
Facsimile: (866) 300-7367                       Email: bfarnan@farnanlaw.com
Email: nfinkelman@sfmslaw.com                   Email: mfarnan@farnanlaw.com
Email: jshah@sfmslaw.com
Email: aberin@sfmslaw.com

Richard L. Coffman
**The Coffman Law Firm**
Edison Plaza
350 Pine Street, Suite 700
Beaumont, TX 77701
Telephone: (409) 833-7700
Facsimile: (866) 835-8250
Email: rcoffman@coffmanlawfirm.com

Mitchell A. Toups
**Mitchell A. Toups, Ltd.**
2615 Calder Ave., Suite 400
Beaumont, TX 77702
Telephone: (409) 838-0101
Facsimile: (409) 838-6780                        ***ATTORNEYS FOR PLAINTIFFS AND***
Email: matoups@wgttlaw.com                       ***THE PUTATIVE CLASS***